The Interlocutory Opinion and Award by Deputy Commissioner Ford held that defendant, State Farm is the carrier that is liable on plaintiff's claim and that plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. The subsequent Opinion and Award by Deputy Commissioner Laura K. Mavretic set forth the workers' compensation benefits to which plaintiff is entitled from defendant, State Farm. Although they also appealed the Opinion and Award of Deputy Commissioner Mavretic, defendant, State Farm's assignments of error were based solely on the November 23, 1993 Interlocutory Opinion and Award of Deputy Commissioner Ford. Prior to the hearing before Deputy Commissioner Ford, the North Carolina Rate Bureau had been dismissed as a party-defendant. Deputy Commissioner Ford dismissed the John Anderson Nelms Agency as a party defendant at the hearing and dismissed New Fortis Corporation and Maryland Casualty Company as party-defendants in his Interlocutory Opinion and Award.
This case was heard before Deputy Commissioner Ford on the following issues:
a) Were the parties bound by and subject to the North Carolina Workers' Compensation Act on May 23, 1992.
b) Did the employer-employee relationship exist between the plaintiff and the defendant, Anthony C. Bryant d/b/a Bryant Contracting, on said date.
c) Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the said defendant-employer on May 23, 1992; and,
d) If so, to what compensation is the plaintiff entitled under the Act.
e) Was the plaintiff covered by workers' compensation insurance on said date of May 23, 1992; and,
f) If so, which of the named defendant-carriers was on said risk.
The parties by agreement waived testimony and submitted the case for decision by Deputy Commissioner Mavretic on stipulated facts prior to the hearing on March 22, 1994.
* * * * * * * * * *
The undersigned have reviewed the prior Interlocutory Opinion and Award of Richard B. Ford and the subsequent Opinion and Award by Laura K. Mavretic based upon the record of the proceeding before said Deputy Commissioners. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or to amend holdings of the deputy commissioners in the Interlocutory Opinion and Award, or the subsequent Opinion and Award. The Full Commission ADOPTS and AFFIRMS the findings of fact and conclusions of law as made by the deputy commissioners and has combined the relevant portions of each Opinion and Award into this Opinion and Award for the Full Commission.
The Full Commission AFFIRMS and ADOPTS the Order of Deputy Commissioner Ford dismissing Maryland Casualty Company, New Fortis Corporation and John Anderson Nelms Agency as party-defendants in this case.
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. A certificate of insurance coverage dated May 11, 1992 is stipulated into the record as evidence but not as admitting any facts therein contained.
2. An agreement between the parties as to the period of disability and the extent of permanent partial impairment is stipulated into evidence. The agreement is contained in a letter dated May 6, 1994, from defense attorney Henry C. Byrum, Jr., to Deputy Commissioner Mavretic; a letter dated May 9, 1994 from defense attorney Thomas W. Moore, Jr., to Deputy Commissioner Mavretic; and a letter dated July 20, 1994, from plaintiff's attorney Janet H. Clary to Deputy Commissioner Mavretic.
3. The medical records of Dr. J. Gillum Burke, dated May 4, 1994, and November 19, 1993, are stipulated into evidence.
4. An agreement between the parties as to the average weekly wage is stipulated into evidence. The agreement is contained in a letter dated August 10, 1994, from Janet H. Clary to Henry C. Byrum, Jr.; and a letter dated August 12, 1994, from Henry C. Byrum, Jr. to Deputy Commissioner Mavretic.
* * * * * * * * * * * * * *
Based upon all the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. On May 23, 1992, the plaintiff was employed by the defendant-employer, Anthony C. Bryant d/b/a Bryant Construction, hereinafter referred to as Bryant, as a carpenter.
2. On said date of May 23, 1992 as the plaintiff was performing the duties of his employment and installing a roof on a dwelling house, his foot slipped from the toe-strip on the roof where he was working causing him to fall to the ground and injure his foot.
3. Thereafter, the plaintiff was taken by Bryant to a local hospital where he received medical care and treatment for his said injured foot.
4. The plaintiff performed no further work for the defendant Bryant after said date of May 23, 1992.
5. On said date of May 23, 1992, Bryant was working as a sub-contractor for the defendant, New Fortis Corporation, hereinafter referred to as Fortis, under sub-contracts dated May 8, 1992, in the installation of roofing, siding and porches on dwelling houses.
6. Under the terms of the sub-contracting agreement between Bryant and Fortis of May 8, 1992, Bryant was to provide Fortis with a certificate of coverage for workers' compensation insurance prior to commencing work under said sub-contracts in accordance with the provisions of N.C. Gen. Stat. § 97-19 of the North Carolina Workers' Compensation Act.
7. On May 11, 1992 in consideration for Bryant's check, John Anderson Nelms Agency issued to Bryant a certificate of insurance coverage for general liability and workers' compensation insurance by the defendant-carrier, State Farm Insurance Companies, hereinafter referred to as State Farm.
8. On May 11, 1992, John Anderson Nelms Agency was a duly qualified and experienced insurance agent held out by State Farm to be authorized to issue general liability and workers' compensation insurance coverage binding said State Farm and to issue certificates of insurance certifying to such coverage by said State Farm as provided in N.C. Gen. Stat. § 97-19 of the Act.
9. Subsequent to May 11, 1992, Bryant presented said certificate of insurance dated May 11, 1992 to Fortis and relying on same began work for said Fortis under the sub-contracts of May 8, 1992, and said Fortis relying on said certificate allowed and permitted Bryant to commence said work under said sub-contracts.
10. In furtherance of said work under said sub-contracts of May 8, 1992, Bryant hired the plaintiff to perform the carpentry work which he was performing on May 23, 1992 when he was injured.
11. On May 23, 1992, the defendant Fortis was covered for workers' compensation claims by Maryland Casualty Insurance Company.
12. On May 23, 1992, Bryant was covered for workers' compensation claims by State Farm.
13. On May 23, 1992, the plaintiff sustained an injury by accident arising out of and in the course of his employment with Bryant.
14. Plaintiff's average weekly wage was $220.00, yielding a compensation rate of $146.67.
15. As a result of the compensable injury by accident on May 23, 1992, plaintiff was unable to work from May 24, 1992 through August 17, 1992.
16. As a result of the injury giving rise to this claim, plaintiff has a five percent permanent functional impairment to his right foot.
* * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On May 8, 1992, Fortis was in compliance with the provisions of N.C. Gen. Stat. § 97-19 of the North Carolina Workers' Compensation Act in requiring under its sub-contracts of said May 8, 1992, with Bryant that Bryant, as a condition precedent to commencing work under said sub-contracts, provide Fortis with a certificate of workers' compensation coverage for his, (Bryant's) employees.
2. On May 11, 1992, Bryant was in compliance with the provisions of N.C. Gen. Stat. § 97-19 of the North Carolina Workers' Compensation Act in purchasing the certificate of workers' compensation coverage from John Anderson Nelms Agency for his, (Bryant's) employees for presentation to Fortis prior to commencing work for Fortis under the sub-contracts of May 8, 1992.
3. Pursuant to said compliance with N.C. Gen. Stat. § 97-19
of the North Carolina Workers' Compensation Act by Fortis and Bryant, the North Carolina Industrial Commission has jurisdiction over the parties and subject matter of this cause to hear and determine the issues involved.
4. On May 11, 1992, John Anderson Nelms Agency was held out by State Farm as an agent with authority to issue certificates of workers' compensation coverage pursuant to the provisions of N.C. Gen. Stat. § 97-19 of the North Carolina Workers' Compensation Act.
5. On May 11, 1992, such a certificate was issued by John Anderson Nelms Agency to Bryant binding State Farm for workers' compensation coverage to said Bryant's employees.
6. On May 23, 1992, the employer-employee relationship existed between the plaintiff and Bryant.
7. On May 23, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
8. As a result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $146.67 per week from the period from May 24, 1992 through August 17, 1992. N.C. Gen. Stat. § 97-29.
9. Plaintiff is entitled to receive compensation at the rate of $146.67 per week for 7.2 weeks beginning August 18, 1992 for the five percent permanent partial disability he sustained to his right foot as a result of the compensable injury by accident. N.C. Gen. Stat. § 97-31(14).
10. Plaintiff is entitled to payment of all medical expenses by defendant as a result of his compensable injury on May 23, 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $146.67 per week for the period from May 24, 1992 through August 17, 1992. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay compensation to plaintiff at the rate of $146.67 per week for 7.2 weeks beginning August 18, 1992, for the five percent permanent partial disability he sustained to his right foot as a result of the compensable injury by accident. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee hereinafter approved.
3. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury on May 23, 1992, for so long as such examinations, evaluations and treatment may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant to the Industrial Commission and approved by the Commission.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs due this Commission.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ JAMES J. BOOKER COMMISSIONER
S/ ________________________ GREGORY WILLIS DEPUTY COMMISSIONER
BSB:md